UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OFELIA MARGARITA MIJANGOS REYES,

Petitioner,

v. Case No. 3:26-cv-1757-MMH-PDB

WARDEN, FLORIDA BAKER CORRECTIONAL INSTITUTE, et al.,

Respondents.

---

**ORDER**

Petitioner Ofelia Margarita Mijangos Reyes, an immigration detainee, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus (Doc. 1; Petition) on July 9, 2026. See generally Petition. Mijangos Reyes, a citizen of Mexico, has lived in the United States for twenty-three years. Id. at 5. On July 1, 2026, United States Immigration and Customs Enforcement detained Mijangos Reyes. Detention History (Doc. 8-3) at 1. The crux of Mijangos Reyes's Petition is that she is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and therefore, she is entitled to a bond hearing. Petition at 9–10. As relief, she requests immediate release. Id. at 14.

The Federal Respondents recognize that Mijangos Reyes is entitled to an individualized bond hearing, Federal Respondents' Response to Petitioner's

Petition for Writ of Habeas Corpus (Doc. 8; Response) at 3, based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, see 175 F.4th 1258, 1276 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). Nevertheless, the Federal Respondents argue that Mijangos Reyes has not exhausted her administrative remedies, and therefore, ask the Court to dismiss the Petition. Id. at 3–4.

Mijangos Reyes filed a reply in which she argues that the Court should excuse her failure to exhaust because, when she filed the Petition, "administrative relief was not realistically available." Petitioner's Reply to Response to Petition for Writ of Habeas Corpus (Doc. 10; Reply) at 2. Further, she contends that requiring her to "begin the administrative process, await adjudication, and thereafter initiate an entirely new federal habeas proceeding would impose additional weeks or months of confinement merely to return the parties to substantially the same position." Id. at 3.

The Court turns first to the question of exhaustion. A petitioner must exhaust all available administrative remedies before filing a § 2241 petition in federal court. See Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015). While exhaustion is not a jurisdictional requirement, a federal court may not

disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense. Id. at 474–75.

It appears Mijangos Reyes has failed to exhaust her administrative remedies because she has not requested a bond redetermination before an immigration judge and received a ruling. Contrary to the context in which the Court previously excused a failure to exhaust by requesting a bond redetermination, before Mijangos Reyes filed the Petition, the Eleventh Circuit had concluded that noncitizens detained within the interior of the United States, such as Mijangos Reyes, are entitled to a bond hearing. And the Board of Immigration Appeals (BIA) "is obliged to apply the precedent of the relevant court of appeals in cases arising within the associated circuit—even if the Attorney General or the BIA itself disagrees with that precedent." Garcia v. Garland, 73 F.4th 219, 230 n.7 (4th Cir. 2023); see also Stevens v. Osuna, 877 F.3d 1293, 1303 (11th Cir. 2017) ("Immigration Judges are also bound both by agency precedent and by precedent established by the federal appellate courts." (citation omitted)). As such, the Court is no longer persuaded, without more, that a request for a bond redetermination would be futile or "predetermined." And, even if exhausting administrative remedies would prolong her detention, the Court cannot ignore the Federal Respondents'

properly asserted defense. See Santiago-Lugo, 785 F.3d at 474–75. Therefore, the Petition is due to be dismissed without prejudice for failure to exhaust.

Accordingly, it is **ORDERED**:

1. Mijangos Reyes's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED without prejudice**.

2. Respondent Warden, Baker Correctional Institute's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 9) is **DENIED as moot**.

3. The **Clerk** is directed to terminate any motions, enter judgment dismissing without prejudice the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of November, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

c:
Counsel of Record